**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4308**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MAURICE A. PARKER,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.
(8:01-cr-00338-DKC)

---

Submitted:  August 30, 2006          Decided:  October 4, 2006

---

Before WILKINS, Chief Judge, and WILLIAMS and GREGORY, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary E. Davis, Christopher M. Davis, DAVIS & DAVIS, Washington,
D.C., for Appellant.  Rod J. Rosenstein, United States Attorney,
Kwame J. Manley, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Maurice A. Parker appeals his sentence. In <u>United States v. Parker</u>, No. 04-4195, 2006 WL 53819 (4th Cir. Jan. 11, 2006) (unpublished), we affirmed his conviction for possession of a firearm by a convicted felon, but vacated and remanded his sentence for resentencing in light of the rules announced in <u>United States v. Booker</u>, 543 U.S. 220 (2005). At the resentencing, Parker objected to a four-level increase to his offense level for having possessed the firearm in connection with another felony offense, possession of a stolen vehicle. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(b)(5) (2001). On appeal, Parker contends the district court clearly erred in finding his unlawful firearm possession was in connection to another felony offense. Finding no error, we affirm.

We review a district court's findings at sentencing for clear error and its legal determinations de novo. <u>United States v. Daughtrey</u>, 874 F.2d 213, 217-18 (4th Cir. 1989). Section 2K2.1(b)(5) provides for a four-level enhancement if:

> the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

We have noted that "[t]he purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he

commits a separate felony offense that is rendered more dangerous by the presence of a firearm (or facilitates another person's commission of an offense involving a firearm)."[*] United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003). There must be evidence that the firearm must have some purpose or effect with respect to the predicate felony and its presence cannot be the result of accident or coincidence. Id. at 411. The Government can meet its burden by showing that the gun was present for protection or to embolden the actor. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (analyzing "in relation to" in 18 U.S.C. § 924(c) (2000)).

We find the district court did not clearly err in finding Parker possessed the firearm, found underneath the front seat, in connection to the stolen car. Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The "in connection with" is analogous to "in relation to" contained in 18 U.S.C. § 924(c) (2000). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003).